# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTINE NIELSEN, et al.

**DEFENDANTS**

SRI INTERNATIONAL, et al.

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **California**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Breandan Q. Nemec, Esquire - Begley, Carlin & Mandio, LLP
680 Middletown Blvd. - Langhorne, PA 19047

Attorneys *(If Known)*

Valerie Kellner, Esquire
Rawle & Henderson LLP
One S. Penn Square, 16th Floor
The Widener Building
Philadelphia, PA 19107

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

X 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | X 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

X 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. §1332, 1441, 1446

Brief description of cause: Notice of Removal

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
5/13/2022

SIGNATURE OF ATTORNEY OF RECORD
*Valerie Kellner*

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHRISTINE NIELSEN, INDIVIDUALLY    :
and as EXECUTRIX OF THE ESTATE OF  :
JEFFREY NIELSEN, DECEASED,         :
          Plaintiffs,    :    CIVIL ACTION
     v.                        :
                :    NO. _____
SRI INTERNATIONAL, JOHN DOES       :
A-M, JOHN DOES N-Z, JANE DOES A-M  :
JANE DOES N-Z,                     :    JURY TRIAL DEMANDED
         Defendants.    :

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT COURT OF NEW JERSEY

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§1332, 1441(a), 1446,

Defendant SRI International (hereinafter SRI), by and through their counsel Rawle & Henderson,

LLP, 309 Fellowship Road, Suite 200, PMB 550, Mt. Laurel, New Jersey 08054, hereby remove

the above action, pending as Civil Action MER-L-001189-21 in the Superior Court of New

Jersey, Mercer County,  to the United States District Court for the District of New Jersey. In

support of this Notice of Removal, Defendant SRI avers as follows:

1.     Plaintiff, Christine Nielsen, individually and as executrix of the estate of Jeffrey

Nielsen, deceased is a citizen of the Commonwealth of Pennsylvania, residing at 61 Kraft Lane

in Levittown, PA 19055.  Defendant SRI International (hereinafter SRI) is a California

corporation with its principal place of business located at 333 Ravenswood Avenue in Menlo

Park, California, 94025.

2.     This civil action was commenced by Plaintiff on June 4, 2021 and is pending in

Superior Court of New Jersey, Mercer County, a court located within this District, under Docket

No. MER-L-001189-21.  A copy of Plaintiff's Complaint is attached here to as Exhibit A.

3.      This case arises out of a work place injury on June 25, 2019 at the SRI facility located at 201 Washington Road in Princeton, New Jersey.  Plaintiff alleges Jeff Nielsen was fatally injured as a result of an alleged electrocution at the SRI facility.  Plaintiff's Complaint asserts allegations of negligence, punitive damages as well as seeks recovery pursuant to the Wrongful Death and Survivorship statutes. See Exhibit A.

4.      Plaintiff's Complaint also alleges allegations against Defendant, PSE&G who was a defendant in this matter. See Exhibit A.

5.      Defendant PSE&G was voluntarily dismissed by the parties by Stipulation filed on May 10, 2022.  A copy of the Stipulation dismissing Defendant, PSE&G is attached as Exhibit B.

6.      SRI filed its Answer to the Plaintiff's Complaint on August 10, 2021.  A copy of SRI's Answer to Plaintiff's Complaint is attached hereto as Exhibit C.

## GROUNDS FOR REMOVAL

7.      This Court has jurisdiction of this action under 28 U.S.C. § 1332.

8.      Removal is now proper in the instant case because there is diversity of citizenship as to all properly joined parties and the amount of controversy excess of $75,000.

9.      Plaintiff Christine Nielsen was and still is, a citizen of the Commonwealth of Pennsylvania, based on the citizenship of Defendant Jeff Nielsen, who was a citizen of the Commonwealth of Pennsylvania prior to his death. See Exhibit A and A copy of the West Windsor Police report attached as Exhibit D.

10.     A corporation is "deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id*. §1332(c)(1).

2

11.    SRI is a California corporation with its principal place of business in the State of California.

12.    SRI was, and still is, a citizen of California within the meaning of 28 U.S.C. § 1332.

13.    PSE&G, a New Jersey Corporation, with its principal place of business in New Jersey, and therefore a citizen of New Jersey within the meaning of 28 U.S.C. §1332 was voluntarily dismissed from this action on May 10, 2022.  This dismissed Defendant provides the basis for diversity of jurisdiction between plaintiff and the remaining defendant pursuant to 28 U.S.C. § 1446 (c).  (See Exhibit B).

14.    SRI is filing this Notice of Removal within 30 days of the dismissal of PSE&G. (See Exhibit B).

15.    This case was timely removed within one year of commencement to the appropriate Federal District Court pursuant to 28 U.S.C. §1446 (c).

16.    Plaintiff seeks actual damages, punitive damages and statutory damages. (See Exhibit A). Removal is proper under 28 U.S.C. §1446 as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 and 28 U.S.C. § 1446.

17.    Venue is proper in this Court because the Superior Court of New Jersey, Mercer County, where this case was originally filed, is in this District. See 28 U.S.C. § 1446(a).

18.    Pursuant to 28 U.S.C. §1446(d), SRI is serving a copy of this Notice of Removal to all counsel of record.  Notice of the filing of this Notice of Removal will be filed with the Court of the Superior Court of New Jersey, Mercer County.

19.    Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon "SRI prior to the filing of this Notice of Removal are attached as Exhibits A-C.

20.     By removing this action from the Superior Court of New Jersey, Mercer County, Defendant SRI confirms this Notice of Removal complies with the relevant removal statutes.

**<u>NON-WAIVER OF DEFENSES</u>**

21.     By removing this action from the Superior Court of New Jersey, Mercer County, Defendant SRI does not waive any defenses available to them.

22.     By removing this action from the Superior Court of New Jersey, Mercer County, Defendant SRI do not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant SRI, effect the removal of this action from the Superior Court of New Jersey, Mercer County to The United States District of New Jersey for the District Court of New Jersey.

RAWLE & HENDRSON LLP

By: _____
            Valerie Kellner, Esquire
            Attorney for Defendant
            SRI International
            ID No.: 0061301998
            309 Fellowship Road, Suite 200,
            PMB 550
            Mt. Laurel, NJ 08054

DATED: 05-13-2022

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHRISTINE NIELSEN, INDIVIDUALLY  :
and as EXECUTRIX OF THE ESTATE OF :
JEFFREY NIELSEN, DECEASED,        :
               Plaintiffs,    :      CIVIL ACTION
       v.                   :
                           :      NO. _____
SRI INTERNATIONAL, JOHN DOES      :
A-M, JOHN DOES N-Z, JANE DOES A-M :
JANE DOES N-Z,                    :      JURY TRIAL DEMANDED
            Defendants.     :

## VERIFICATION PURSUANT TO D.N.J. CIV.P.R. 11.2

I, Valerie Kellner, Esquire, certify under penalty of perjury that the following is true and correct:

1. That I am familiar with the facts of this case and I make this Certification in support of SRI's Notice of Removal.

2. I am authorized as their dedicated counsel.

RAWLE & HENDRSON LLP

By:_____
          Valerie Kellner, Esquire
          Attorney for Defendant
          SRI International
          ID No.: 0061301998
          309 Fellowship Road, Suite 200,
          PMB 550
          Mt. Laurel, NJ 08054

DATED: 05-13-2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

CHRISTINE NIELSEN, INDIVIDUALLY  :
and as EXECUTRIX OF THE ESTATE OF :
JEFFREY NIELSEN, DECEASED,      :
             Plaintiffs,       :    CIVIL ACTION
      v.                 :
                             :    NO. _____
SRI INTERNATIONAL, JOHN DOES    :
A-M, JOHN DOES N-Z, JANE DOES A-M :
JANE DOES N-Z,             :    JURY TRIAL DEMANDED
           Defendants.    :

## CERTIFICATION PURSUANT TO 28 U.S.C. § 1746

I,  Valerie Kellner, Esquire, certify under penalty of perjury that the following is true and correct:

1.      That this matter in controversy in this action is not the subject of another action pending in any other court or any other arbitration proceeding other than those identified then those of Defendant in their Notice of Removal.

2.      An arbitration has been scheduled in the Superior Court of Mercer County on September 20, 2022

3.      There are no parties, at the present time that need to be joined to this action.

RAWLE & HENDRSON LLP

By:_____
      Valerie Kellner, Esquire
      Attorney for Defendant
      SRI International
      ID No.: 0061301998
      309 Fellowship Road, Suite 200,
      PMB 550
      Mt. Laurel, NJ 08054

DATED: 05-13-2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHRISTINE NIELSEN, INDIVIDUALLY  :
and as EXECUTRIX OF THE ESTATE OF :
JEFFREY NIELSEN, DECEASED,        :
              Plaintiffs,        :    CIVIL ACTION
      v.                  :
                       :    NO. _____
SRI INTERNATIONAL, JOHN DOES      :
A-M, JOHN DOES N-Z, JANE DOES A-M :
JANE DOES N-Z,                    :    JURY TRIAL DEMANDED
            Defendants.        :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned

document (Notice to File Notice of Removal, Notice of Removal, Exhibits and Civil Cover

sheet) were filed electronically with the Clerk of the District Court using its CM/ECF system,

which would then electronically notify all participants in this case.

RAWLE & HENDRSON LLP

By: _____
        Valerie Kellner, Esquire
        Attorney for Defendant
        SRI International
        ID No.: 0061301998
        309 Fellowship Road, Suite 200,
        PMB 550
        Mt. Laurel, NJ 08054

DATED: 05-13-2022

# EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
06/10/2021
CT Log Number 539713804

TO:     John Mcintire
        Sri International
        333 RAVENSWOOD AVE
        MENLO PARK, CA 94025-3453

RE:     **Process Served in New Jersey**

FOR:    SRI International  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christine Nielsen, Individually and as Executrix of the Estate of Jeffrey Nielsen, Deceased, Pltf. vs. SRI International, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # MERL00118921 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/10/2021 at 14:39 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/12/2021, Expected Purge Date: 06/17/2021 |
| | Image SOP |
| | Email Notification,  John Mcintire  john.mcintire@sri.com |
| | Email Notification,  Jocelyn To  jocelyn.to@sri.com |
| | Email Notification,  David Stringer-Calvert  david.stringer-calvert@sri.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**          Thu, Jun 10, 2021

**Server Name:**          Drop Service

| Entity Served | SRI INTERNATIONAL |
|---|---|
| Case Number | MERL100118921 |
| Jurisdiction | NJ |



LAW FIRM: Begley, Carlin & Mandio, LLP
ADDRESS: 680 Middletown Boulevard, Langhorne, PA 19047
PHONE 215-750-0110      Breandan G. Nemec, Esquire
ATTORNEY NAME AND ID # 033262007
ATTORNEY FOR  Plaintiff

| | |
|---|---|
| Christine Nielsen, Individually and as Executrix of the Estate of Jeffrey Nielsen, Deceased<br>Plaintiff<br><br>-v-<br>SRI International, et al.<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>Law _____ DIVISION<br>_Mercer_____ COUNTY<br>DOCKET NO.: MER-L-001189-21<br><br>CIVIL ACTION<br><br>SUMMONS |

FROM THE STATE OF NEW JERSEY TO:   (PERSON TO BE SERVED)  SRI International

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Michelle M. Smith,
Clerk of the Superior Court

DATED:

Name of the Defendant(s) to be served: SRI International
Address of the Defendant(s) to be served:  c/o The Corporation Trust Company
820 Bear Tavern Road
West Trenton, NJ 08628

**BEGLEY, CARLIN & MANDIO, LLP**
Breandan Q. Nemec, Esquire       *Attorneys for Plaintiff*
Identification No. 033282007
680 Middletown Blvd.
Langhorne, PA 19047
215-750-0110

| | |
|---|---|
| **CHRISTINE NIELSEN, INDIVIDUALLY and** | : SUPERIOR COURT OF NEW JERSEY |
| **as EXECUTRIX OF THE ESTATE OF** | : MERCER COUNTY LAW DIVISION |
| **JEFFREY NIELSEN, DECEASED** | : |
| 61 Kraft Lane | : |
| Levittown, PA 19055 | : |
| | : DOCKET NO. |
| **vs.** | : |
| | : CIVIL ACTION |
| **SRI INTERNATIONAL** | : |
| 201 Washington Road | : |
| Princeton, NJ 08540 | : |
| | : |
| **PUBLIC SERVICE ELECTRIC AND** | : |
| **GAS COMPANY** | : |
| 80 Park Plaza | : |
| Newark, New Jersey 07102 | : |
| | : |
| **JOHN DOES A-M** | : |
| | : |
| **JOHN DOES N-Z** | : |
| | : |
| **JANE DOES A-M** | : |
| | : |
| **JANE DOES N-Z** | : |

Plaintiff, Christine Nielsen, Individually, and as the Administratrix of the Estate of

Jeffrey C. Nielsen, residing at 61 Kraft Lane, Levittown, Pennsylvania, complaining of the

Defendants says:

## PARTIES

1. Plaintiff, Christine Nielsen, is the surviving spouse of Decedent, Jeffrey C. Nielsen

(hereinafter "Decedent"), and as such, was appointed as the Executor of the Decedent's Estate on

{00937918/}

October 22nd, 2020, the Decedent having died testate on June 25, 2019. See the *Letters of Administration* attached hereto as Exhibit "A". The decedent's Last Will and Testament is annexed hereto as Exhibit "B".

2. Defendant, SRI International (hereinafter "SRI"), is a California Foreign Non-Profit Corporation conducting business in the State of New Jersey and registered by the Department of the Treasury as having the following registered agent and office:

> The Corporation Trust Company
> 820 Bear Tavern Road
> West Trenton, NJ 08628

3. Defendant SRI maintains a physical campus, and conducts business at, 201 Washington Road, Princeton, Mercer County, New Jersey. The campus consists of over 250 acres and includes 650,000 square feet of buildings.

4. Defendant, Public Service Electric and Gas Company (hereinafter "PSE&G) is a New Jersey Domestic For-Profit Corporation which was registered to do business by the Department of the Treasury on or about July 25, 1924. Defendant PSE&G's principal place of business is located at 80 Park Plaza, Newark, New Jersey 07102, and maintains a registered agent and office at Corporate Creations Network, Inc., 12 Christopher Way #200, Eatontown, New Jersey 07724.

5. Defendants, John Doe A-M, are unidentified adult individuals and/or entities whom were employed by Defendant SRI as of June 25, 2019, said employees at all times acting within the course and scope of their employment, and in furtherance of the business interests of the aforementioned Defendants.

6. Defendants, John Doe N-Z, are unidentified adult individuals and/or entities whom were employed by Defendant PSE&G as of June 25, 2019, said employees at all times acting

within the course and scope of their employment, and in furtherance of the business interests of the aforementioned Defendants.

7. Defendants Jane Doe A-M are entities, businesses, corporations, partnerships, enterprises and/or companies that manufactured, produced, owned, maintained, controlled and/or possessed the electrical equipment which forms the basis of this Complaint and was the cause of decedent's death, said Defendants having a contractual or other relationship with Defendants SRI and/or PSE&G.

8. Defendants Jane Doe N-Z are entities, businesses, corporations, partnerships, enterprises and/or companies that, working by and through employees, workmen, contractors, vendors and/or agents, performed maintenance or other work on the subject electrical equipment at the behest of, or at the request of, Defendants SRI and/or PSE&G.

9. Defendants, Jane Does A-M and Jane Does N-Z are businesses, companies, entities, franchises, partnerships, proprietorships, corporations and/or trade names, created and existing under the laws of the State of New Jersey or other states, with unknown principal places of business, but otherwise conducting business in the State of New Jersey at all relevant times.

10. At all times relevant hereto, Defendant SRI was a corporation operating as an "independent non-profit research institute with a rich history of supporting government and industry." See SRI International's website at www.sri.com.

11. At all times relevant hereto, Defendant SRI did own and/or operate, manage, maintain, and/or control the property and physical plant located at 201 Washington Road in Princeton, New Jersey.

12. At all times relevant hereto, Defendants SRI, PSE&G, Jane Does A-M and/or Jane Doe N-Z, did own and/or operate, manage, maintain, and/or control various equipment and

components providing high voltage electricity to the physical plant located at 201 Washington Road in Princeton, New Jersey.

## BACKGROUND FACTS

13. Plaintiff's decedent was hired by Defendant SRI's predecessor company, RCA Corporation in the summer of 1979 as a security guard.

14. Plaintiff's decedent continued to be employed by RCA and its successor company, Sarnoff Corporation through 2011 when the company was acquired by, or renamed, SRI International.

15. Between 1980 and 2011, Plaintiff's decedent was employed by the identified employers as an electrician.

16. Defendant SRI continued to employ Plaintiff's decedent as an electrician and promoted Mr. Nielsen to the role of electrical foreman.

17. Plaintiff's decedent was never licensed or certified as an electrician.

18. Despite this, Defendant SRI employed Plaintiff's decedent as the lead electrician and tasked Mr. Nielsen with the responsibility of overseeing all matters related to electricity at its physical plant. Plaintiff's decedent was directed to handle electrical projects that varied from mundane to ultrahazardous.

19. Upon information and belief, Defendants regularly directed decedent to perform electrical work which is traditionally completed by highly skilled licensed electricians.

20. Upon information and belief, Defendant SRI had a pattern and practice of directing their internally employed workers to handle complicated and/or ultrahazardous projects, including electrical work, instead of hiring qualified outside contractors to perform said work.

{00937918/}

21. Upon information and belief, Defendant SRI had a pattern and practice of refusing to kill electricity to the physical plant, or parts thereof, so that plant operations would not be interfered with.

22. Upon information and belief, Defendant SRI historically employed five full time electricians or more. On the date of loss, SRI only employed Plaintiff's decedent and Frank Bodnar as electricians.

23. As of the date of loss, Plaintiff's Decedent and Frank Bodnar were solely responsible for any and all electrical work at the physical plant.

## INCIDENT

24. On June 25, 2019, Decedent reported for work as normal at SRI's physical plant as described *supra*.

25. Defendant SRI, by and through employee John Rude, and/or other Defendants, directed Decedent and co-worker Bodnar to perform electrical work in, or near, the North Wing's outside substation.

26. The subject work required Plaintiff's Decedent and co-worker Bodnar to work on, with, or near live, dangerous electrical equipment.

27. Neither Plaintiff's decedent nor co-worker Bodnar were provided with any personal protective equipment for work, in general, or for the specific work they were directed to perform that day.

28. Defendant SRI, by and through employee John Rude, and other Defendants, despite knowing that the required work was inherently dangerous and ultrahazardous, refused to hire an outside contractor to perform the subject electrical work, instead directing Plaintiff's decedent and co-worker Bodnar to perform same.

29. By 2019, it was standard practice for Defendant SRI to reallocate professional resources, by and through employees, from one department to another despite the fact that employees were not trained or otherwise proficient to perform certain jobs. To wit, it had become standard practice for the plant's plumber to be asked to help with electrical work, and for the employees who were hired as electrical workers to perform HVAC services, all in an attempt to cut costs and to avoid hiring outside contractors/vendors.

30. At approximately 1:00 PM, Plaintiff's decedent and Bodnar were outside working in a busbar enclosure in the vicinity identified, *supra*, while trying to locate and/or identify an unused conduit.

31. The busbar was charged to a minimum of 480 volts. As little as 42 volts is enough to be fatal.

32. Co-worker Bodnar was working away from Plaintiff's decedent, and when unable to communicate with Decedent, walked around to where Plaintiff's decedent was working.

33. Co-worker Bodnar observed Plaintiff's decedent slumped against the live busbar.

34. Co-worker Bodnar kicked at Plaintiff's decedent worried that he was electrified.

35. Plaintiff's decedent then slid off of the busbar to the ground and was no longer engaged with electrified components.

36. Upon information and belief, Plaintiff's decedent was alive at this time.

37. Co-worker Bodnar was then able to get the attention of other SRI employees inside of the building, including Associate Director Saj Ishaq, who eventually called 9-1-1 per the police report.

38. Within minutes of the foregoing, SRI employee Jennifer Willette, who was with Sajid Ishaq, ran to Plaintiff Christine Nielsen frantically directing her to call "5-3-1-1", which is

**not** Defendant SRI's internal number for emergency situations, because "something was wrong with Frank Bodnar". The correct internal emergency number is "1-2-3".

39. Plaintiff called extension 2318 to report the emergency situation allegedly affecting Frank Bodnar to the guards.

40. Immediately thereafter, SRI employee Cleo Krolikowski informed Plaintiff that it was in fact her husband, Jeffrey Nielsen, that had been injured.

41. It is during this time that Mr. Ishaq calls 911 and other SRI employees go outside and attempt to render aid to Plaintiff's decedent.

42. SRI employee George Craft then walked Christine Nielsen through the building to a point where she witnessed the attempts to resuscitate her husband and save his life.

43. In addition to the life saving measures being attempted, Plaintiff Christine Nielsen observed trucks belonging to Defendant PSE&G on scene within minutes and the company's employees and/or agents milling about the scene.

44. Following the incident, at an unknown time, co-worker Bodnar was able to open an electric box adjacent to the accident scene and kill power to the busbar enclosure.

45. SRI employee James Devine performed CPR on Plaintiff's decedent until relieved by West Windsor Emergency Services.

46. Plaintiff's decedent was transported to the emergency room at Princeton Medical Center where he was later pronounced dead.

47. Plaintiff Christine Nielsen was transported to the hospital by co-worker James Rust.

48. An autopsy was performed by Assistant Medical Examiner, Melissa Guzzetta, D.O.

49. Decedent was pronounced dead at the Princeton Medical Center. A copy of the death certificate is attached hereto as Exhibit "D".

50. A four page autopsy report identifies electrocution as the cause of death, and identifies a right thermal injury to decedent's right temporal scalp and right upper back near the axillary fold.

## INVESTIGATION

51. Following the incident, the Occupational Safety and Health Administration (hereinafter "OSHA") conducted an investigation.

52. The OSHA inspection number relative to this fatal incident is 1410840.015.

53. The OSHA Accident Investigation Summary reads: "At 2:00 p.m. on June 25, 2019, and employee [Plaintiff's decedent] removed the back panel of an electrical substation to follow an empty electrical conduit. The employee was electrocuted when he reached inside the panel and touched the electrical power bar."

54. The OSHA investigation resulted in the issuance of a citation on December 19th, 2019. The violation(s) were deemed to be serious.

55. OSHA violations are identified as serious if there is a substantial probability that death or serious physical harm could result and that the employer knew, or should have known, of the hazard.

56. Employer-Defendant SRI was fined $13,260.00 as a result of the violation.

57. The citation was issued for a violation of 1926.416(a)(1), which reads:

"No employer shall permit an employee to work in such proximity to any part of an electric power circuit that the employee could contact the electric power in the course of work,

unless the employee is protected against electric shock by deenergizing the circuit grounding it or by guarding it effectively by insulation or other means."

58. There is no evidence that Defendants made any attempts to protect the employee, Plaintiff's decedent, against electric shock by deenergizing the circuit by grounding it.

59. There is no evidence that Defendants made any attempts to protect the employee, Plaintiff's decedent, against electric shock by guarding it effectively by insulation or other means.

60. There is no evidence that Defendants offered Plaintiff's decedent the proper, necessary and requisite personal protective equipment for the subject electrical work.

61. The police report does not identify any personal protective equipment either being worn by Decedent Nielsen at the time of the incident or found at the scene.

62. The West Windsor Township Police Department report lists the following as persons involved in the incident:

- William Allen, Jr. – Defendant PSE&G's Ops. Supervisor

- Michael Davis – Defendant SRI's International Facility Director

- Saj Ishaq – Defendant SRI's International Group Director

- James F. Devine – Defendant SRI's International Facilities Engineer

- David Gresko – Defendant SRI's International Employee

- Eric Mantle – Defendant SRI's International Employee

## FIRST COUNT – NEGLIGENCE
## PLAINTIFF v. ALL DEFENDANTS

63. Plaintiff incorporates paragraphs one (1) through sixty-two (62) by reference as if same were set forth at length herein.

{00937918/}

64. The Defendants are individually and/or jointly liable to the Plaintiff for the following reasons:

(a)     failing to properly train Plaintiff's decedent and other employees hired to perform the electrical services at the physical plant;

(b)     failing to properly insure that contractors, vendors and/or other entities that had access to, or control of, electrical components on the physical plant only hired and retained properly qualified and licensed employees to perform electrical services at the subject plant;

(c)     failing to require Plaintiff's decedent to become a licensed and/or certified electrician before requiring Plaintiff to engage in electrical work which is inherently dangerous and/or ultrahazardous;

(d)     failing to hire, keep and or/retain properly licensed and/or certified employees in the electrical field to perform any and all electrical tasks at the physical plant;

(e)     failing to provide Plaintiff's decedent with the proper safety equipment to perform any and all electrical jobs at the plant;

(f)     failing to adopt, promulgate, and/or require industry standard/required electrical safety practices including, but not limited to, de-energization of live components and lockout-tagout procedures;

(g)     failing to hire, keep and retain a sufficient number of employees in the electrical department, and/or otherwise ensure, that all electrical work could be performed in a safe manner and in a manner consistent with, and in accordance to, industry standards including those required by the Occupational Safety and Health Administration, the National Fire Protection Association's Standards, the National Electric Code, the National Electrical Manufacturing Association's Standards and/or other applicable industry standards.

65. Plaintiff's decedent's death was proximately caused by the Defendants' negligent acts and/or failures to act.

66. Defendants also individually and/or collectively increased the risk of harm to Plaintiff's decedent through their acts or failures to act.

67. The decedent's injuries and death were a foreseeable consequence of the Defendants' negligent acts and failures to act.

WHEREFORE, Plaintiff, Christine Nielsen, individually, and as the Executor of the Decedent's Estate, demands judgment against the Defendants for compensatory and pecuniary damages, together with interest and costs of suit, punitive damages and any other relief available to Plaintiffs under the law.

## SECOND COUNT – WRONGFUL DEATH ACTION

68. Plaintiff incorporates paragraphs one (1) through sixty-seven (67) by reference as if same were set forth at length herein.

69. The Defendants are liable to the Plaintiff for any and all damages permissible pursuant to N.J.S.A. 2A:31-1, *et sequitur*. Plaintiff Christine Nielsen, Executrix of the Estate of Jeffrey C. Nielsen, has standing to bring this claim pursuant to N.J.S.A. 2A:31-2.

WHEREFORE, Plaintiff, Christine Nielsen, individually, and as the Executrix of the Decedent's Estate, demands judgment against the Defendants for compensatory and pecuniary damages, together with interest and costs of suit, punitive damages and any other relief available to Plaintiffs under the law.

## THIRD COUNT – SURVIVAL ACTION

70. Plaintiff incorporates paragraphs one (1) through sixty-nine (69) by reference as if same were set forth at length herein.

{00937918/}

71. The Defendants are liable to the Plaintiff for any and all damages permissible pursuant to N.J.S.A. 2A:15-3, *et sequitur*. Plaintiff Christine Nielsen, Executrix of the Estate of Jeffrey C. Nielsen, has standing to bring this claim pursuant to N.J.S.A. 2A:15-3.

WHEREFORE, Plaintiff, Christine Nielsen, individually, and as the Executrix of the Decedent's Estate, demands judgment against the Defendants for compensatory and pecuniary damages, together with interest and costs of suit, punitive damages and any other relief available to Plaintiffs under the law.

## FOURTH COUNT – PUNITIVE DAMAGES

72. Plaintiff incorporates paragraphs one (1) through seventy-one (71) by reference as if same were set forth at length herein.

73. The Defendants acts and/or omissions were actuated by malice and/or accompanied by a wanton and willful disregard of Decedent.

74. It was reasonably foreseeable that Decedent would be harmed by the Defendants' acts or omissions.

75. Therefore, Defendants are liable to the Plaintiff for any and all damages permissible pursuant to N.J.S.A. 2A:15-5.9.

WHEREFORE, Plaintiff, Christine Nielsen, individually, and as the Executrix of the Decedent's Estate, demands judgment against the Defendants for compensatory and pecuniary damages, together with interest and costs of suit, punitive damages and any other relief available to Plaintiffs under the law.

## FIFTH COUNT - *PER QUOD*

76. Plaintiff incorporates paragraphs one (1) through seventy-five (75) by reference as if same were set forth at length herein.

77. Plaintiff, Christine Nielsen, as a result of the Defendants' acts or omissions, has suffered, and will continue to suffer, from the loss of the decedent's services and consortium.

78. Plaintiff, Christine Nielsen, is therefore entitled to bring a *per quod* claim against the Defendants.

WHEREFORE, Plaintiff, Christine Nielsen, individually, and as the Executrix of the Decedent's Estate, demands judgment against the Defendants for compensatory and pecuniary damages, together with interest and costs of suit, punitive damages and any other relief available to Plaintiffs under the law.

## SIXTH COUNT – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiff incorporates paragraphs one (1) through seventy-eight (78) by reference as if same were set forth at length herein.

80. Plaintiff, Christine Nielsen, is entitled to any and all damages available to a claimant including a claim for negligent infliction of emotional distress.

81. Defendants' acts or failures to act negligently caused Plaintiff's decedent's death as averred *passim*.

82. At the time of the negligent acts, omissions, and decedent's injury, Christine Nielsen and decedent, Jeffrey Nielsen, were married.

83. Plaintiff Christine Nielsen was present at the scene of the accident and directly observed her husband while life-saving measures were taken first by co-workers and then by emergency medical personnel.

84. Plaintiff Christine Nielsen's personal observations at the physical plant and at the hospital, in addition to ultimately losing her husband, have resulted in sever emotional distress.

{00937918/}

WHEREFORE, Plaintiff, Christine Nielsen, individually, and as the Executrix of the Decedent's Estate, demands judgment against the Defendants for compensatory and pecuniary damages, together with interest and costs of suit, punitive damages and any other relief available to Plaintiffs under the law.

**BEGLEY, CARLIN & MANDIO, LLP**

By: _____

Breandan Q. Nemec, Esquire
*Attorneys for Plaintiff, Christine Nielsen*

Dated: 6/4/21

### JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues so triable.

**BEGLEY, CARLIN & MANDIO, LLP**

By: _____

Breandan Q. Nemec, Esquire
*Attorneys for Plaintiff, Christine Nielsen*

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Plaintiffs designate Breandan Q. Nemec as trial counsel in this matter.

**BEGLEY, CARLIN & MANDIO, LLP**

By: _____

Breandan Q. Nemec, Esquire
*Attorneys for Plaintiff, Christine Nielsen*

{00937918/}

## CERTIFICATION PURSUANT TO R. 4:5-1

Plaintiffs, by their attorneys, hereby certify that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding. Plaintiff is not currently aware of any other party that should be joined in this action.

**BEGLEY, CARLIN & MANDIO, LLP**

By:  _____

Breandan Q. Nemec, Esquire
*Attorneys for Plaintiff, Christine Nielsen*

{00937918/}

# EXHIBIT "A"

# LINDA BOBRIN, ESQUIRE
## REGISTER OF WILLS OF BUCKS COUNTY, PENNSYLVANIA
## CERTIFICATE OF GRANT OF LETTERS

Estate of:  Jeffrey Carl Nielsen  (aka Jeffrey C. Nielsen )

Late of: Falls Township                                   **File No.: 2020-02587**

Date of Death: June 25,  2019                       **Social Security No.:** ▮▮▮▮▮

WHEREAS, the Grant of **LETTERS TESTAMENTARY**  is required for the administration of the estate;

NOW, THEREFORE, I, **LINDA BOBRIN, ESQUIRE**,  Register of Wills in and for the County of Bucks in the Commonwealth of Pennsylvania, hereby certify that I have this day granted **LETTERS TESTAMENTARY** to **Christine R. Nielsen**  who has duly qualified as **Executrix** of the estate of the above-named decedent and has agreed to administer the estate according to law, all of which fully appears of record in my office at Bucks County Courthouse, Doylestown, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office on this 22nd day of October, 2020.

_Linda Bobrin_

**Linda Bobrin, Esquire**
**Register of Wills**

# EXHIBIT "B"

## LAST WILL AND TESTAMENT

I, JEFFREY C. NIELSEN, of the Township of Bristol, County of Bucks and Commonwealth of Pennsylvania, declare this to be my Last Will and Testament, hereby revoking and making void all Wills or writings in the nature thereof by me at any time heretofore made.

**FIRST:** I direct that my just debts and funeral expenses be paid from my Estate as an expense of administration as soon as convenient after my death.

**SECOND:** I give and bequeath to my wife, if she survives me, all tangible personal property, if any, which I own at the time of my death, including, but not limited to, household goods, furniture, furnishings, personal effects, and personal motor vehicles, together with all policies of insurance thereon. If my wife fails to survive me, I give and bequeath my tangible personal property to my daughter, if she survives me. If my daughter does not survive me, my tangible personal property shall be sold and the proceeds shall be added to the residue of my Estate. In the event any beneficiary of this paragraph cannot agree on the distribution of any item or items, the item or items in dispute shall be distributed or sold in the absolute discretion of my Executor, and the proceeds of any sale shall be added to the residue of my Estate. For the purpose of this paragraph, no individual shall be deemed to survive me unless that individual survives me by thirty (30) days. I request that any memorandum of instructions of mine with respect to the disposition of specific items, although not legally binding, be respected.

**THIRD:** I give, appoint, devise and bequeath all the rest, residue and remainder of my Estate, real, personal and mixed, including any property over which I may then have a power of appointment, to my wife, CHRISTINE R. NIELSEN, providing she shall survive me by thirty (30) days.

2

**FOURTH:** In the event my said wife does not so survive me by thirty (30) days, then I give, appoint, devise and bequeath all the rest, residue and remainder of my Estate, real personal and mixed, including any property over which I may then have a power of appointment, to my daughter, JESSICA E. NIELSEN, provided she survives me by thirty (30) days. For the purposes of this paragraph, no individual shall be deemed to survive me unless that individual survives me by thirty (30) days. In the event my daughter does not so survive me by thirty (30) days, then her share shall pass to her children, to be equally divided among them.

**FIFTH:** Any share to which a beneficiary under eighteen (18) years of age may become entitled shall be retained by my Trustee hereinafter named, in a separate Trust for each beneficiary, to use and apply as much of the net income and principal as may be necessary in the sole discretion of my Trustee, for the support, maintenance and educational requirements of said beneficiary in the beneficiary's accustomed standard of living. I direct the payments for support, maintenance and education shall be made without the intervention of a guardian, may be applied directly for those purposes by my Trustee, or at my Trustee's discretion, and without further responsibility, may be paid to the beneficiary or to any person taking care of the beneficiary, in any case, without requiring bond; and, the receipt by such payee or payees shall be a full and complete discharge of my Trustee who shall not be bound to see to the application of any such payment. As the beneficiary becomes eighteen (18) years of age, my Trustee shall pay to her, one-half of any accumulated income and principal of her respective share. As the beneficiary becomes twenty-one (21) years of age, my Trustee shall pay to that child, any accumulated income and the remaining principal of that child's respective share.

**SIXTH:** In addition to the powers granted by law, my fiduciaries shall have the following powers, exercisable without leave of court, and shall continue until final distribution is made:

3

(A)   To sell at public or private sale, to exchange or to lease for any period of time, any real or personal property and to give options for sales leases.

(B)   To borrow money and to mortgage or pledge any real or personal property and to continue any present mortgage on my real estate.

(C)   To compromise claims without approval of beneficiaries.

(D)   To accept in kind, retain and invest it in any form of property without regard to any principle of diversification, risk or productivity and without restriction to investments authorized for Pennsylvania fiduciaries.

(E)   Final distribution of my Estate shall be made when my Executor determines the time to be appropriate. Prior thereto, partial distributions may be made whenever my Executor deems it advisable. Distributions may be made in cash or in kind, or partly in each, and for this purpose, the determination of my Executor as to the value of any property distributed in kind shall be conclusive.

(F)   To have, respecting bonds, shares of stock and other securities, all the rights, powers and privileges of an owner.

(G)   To execute and deliver all instruments and to do all acts which my fiduciaries may deem necessary or advisable to carry out the purposes of this my Last Will and Testament.

(H)   To continue the operation of any proprietorship, partnership, corporation or other business owned by my Estate, including, the power to carry out and enforce the provisions of any agreement for the disposition of my interest in any such business

06/09/2021 WED 12:28 FAX                                              @026/029

enterprise, even though my Executor may be financially interested in such business or agreement.

**SEVENTH:** I appoint my wife, CHRISTINE R. NIELSEN, as Executrix of this Will. In the event that she predeceases me, resigns, renounces, fails to qualify or ceases to act for any reason, I appoint KENNETH NIELSEN, Executor in her place and stead. In the event that he predeceases me, resigns, renounces, fails to qualify or ceases to act for any reason, I appoint JESSICA E. NIELSEN, Executrix in his place and stead.

**EIGHTH:** I appoint KENNETH NIELSEN, as Trustee of all Trusts under this Will.

**NINTH:** I direct that my fiduciaries shall serve without bond; but if a bond is nevertheless required by any law, statute or rule of court, I direct that no sureties be required thereon.

**TENTH:** I appoint my Trustee under this Will as Guardian of any property, including insurance proceeds which passes to a minor, and with respect to which I am authorized to appoint a guardian and have not otherwise done so. I direct that my Trustee shall have the same powers as to this property as the powers set out hereinabove.

**ELEVENTH:** If my wife predeceases me or if she dies after me without having made provision for the custody and care of our minor child, I appoint NANCY KAMINSKY, as Guardian of the Person of my daughter during her minority.

**TWELFTH:** I direct that all death taxes in the nature of estate, inheritance and succession taxes, imposed or payable by reason of my death, with interest and penalties thereon, if any, with respect to all property passing under this Will, shall be paid out of the principal of my general testamentary estate without reimbursement or contribution from any beneficiary or recipient. All such taxes on present or future

4

interest, shall be paid at such time or times as my personal representative may deem proper.

IN WITNESS WHEREOF, I have hereunto set my hand and seal to this my Last Will and Testament, written on six (6) pages, and my hand to the margin of each preceding page hereof.

Dated: _October 8ᵗʰ_ 2003

_____ (SEAL)
JEFFREY C. NIELSEN

Signed, sealed, published and declared by the Testator above named, as and for his Last Will and Testament, in the presence of us, who at his request, in his presence and in the presence of each other, have hereunto sub- scribed our names as WITNESSES:

_____

_____

_____

5

06/09/2021 WED 12:28  FAX

MER-L-001189-21   06/04/2021 4:38:38 PM Pg 24 of 24 Trans ID: LCV20211368750

COMMONWEALTH OF PENNSYLVANIA :
                                       : SS
COUNTY OF BUCKS                  :

I, JEFFREY C. NIELSEN, Testator, whose name is signed to the attached instrument, having been duly qualified according to law, hereby acknowledge that I signed and executed the instrument as my Last Will and Testament; that I signed it willingly and as my free and voluntary act for the purposes therein expressed.

_____
JEFFREY C. NIELSEN

Sworn to and subscribed before me this _8TH_ day of ___October___, 2003.

_____
Notary Public
Karen L. Miller, Notary Public
Falls Twp., Bucks County
My Commission Expires Nov. 20, 2004
Member, Pennsylvania Association of Notaries

COMMONWEALTH OF PENNSYLVANIA :
                                       : SS
COUNTY OF BUCKS                  :

WE, _William F. Thomson Jr., Nancy Knigge and Christine M. Gallagher,_ the witnesses, whose names are signed to the attached foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw _Jeffrey C. Nielsen,_ Testator sign and execute the instrument as his Last Will; that he signed willingly and that he executed it as his free and voluntary act for the purposes stated therein; that each of us in the hearing and sight of the Testator signed the Will as witnesses; and that to the best of our knowledge, the Testator was at that time eighteen (18) or more years of age, of sound mind and under no constraint or undue influence.

Sworn to and subscribed before me this _8th_ day of ___October___, 2003.

_____
Notary Public
Karen L. Miller, Notary Public
Falls Twp., Bucks County
My Commission Expires Nov. 20, 2004
Member, Pennsylvania Association of Notaries

6

# Civil Case Information Statement

**Case Caption:** NIELSEN CHRISTINE VS SRI INTERNATIONAL

**Case Initiation Date:** 06/04/2021

**Attorney Name:** BREANDAN Q NEMEC

**Firm Name:** BEGLEY CARLIN & MANDIO, LLP

**Address:** 680 MIDDLETOWN BLVD LANGHORNE PA 19047

**Phone:** 2157500110

**Name of Party:** PLAINTIFF : Nielsen, Christine

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Christine Nielsen?** NO

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/04/2021
Dated

/s/ BREANDAN Q NEMEC
Signed

# EXHIBIT "B"

Natalie F. Dallavalle, Esq. (Attorney ID No.: 028412009)
**PSEG**
P.O. Box 570, T-10
80 Park Plaza
Newark, New Jersey  07102
T: 973.430.5709
F: 973.645.1103
*Attorney for Defendant, Public Service Electric
and Gas Company (PSE&G)*

| | |
|---|---|
| CHRISTINE NIELSEN, INDIVIDUALLY and as EXECUTRIX OF THE ESTATE OF JEFFREY NIELSEN, DECEASED,<br><br>                              Plaintiffs,<br><br>vs.<br><br>SRI INTERNATIONAL; PUBLIC SERVICE ELECTRIC AND GAS COMPANY,<br><br>                          Defendants. | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MERCER COUNTY DOCKET NO.: MER-L-1189-21**<br><br>**CIVIL ACTION**<br><br>**STIPULATION OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT PUBLIC SERVICE ELECTRIC AND GAS COMPANY** |

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties that the

Plaintiffs' Complaint and any claims asserted by Defendant SRI International, is hereby voluntarily

dismissed without prejudice and without costs as to **PUBLIC SERVICE ELECTRIC AND GAS**

**COMPANY**.

**Begley Carlin & Mandio, LLP**                    **Rawle & Henderson, LLP**

_____                    */s/ Valerie Kellner*
Brendan Q. Nemec, Esq.                         Valerie Kellner, Esq.
*Attorney for Plaintiff*                              *Attorney for SRI International*

**PSEG**

_____
Natalie F. Dallavalle, Esq.
*Attorney for Public Service Electric and Gas
Company*

Dated: May 10, 2022

# EXHIBIT "C"

**RAWLE & HENDERSON** LLP
BY: Valerie Kellner, Esquire
Identification No.: 0061301998
40 Lake Center Executive Park
Suite 200, 401 Route 73 North
Marlton, NJ 08053
Phone: 215-575-4292
Email: vkellner@rawle.com

Attorney for Defendant
Defendant SRI International

| | | |
|---|---|---|
| CHRISTINE NIELSEN, INDIVIDUALLY | : | SUPERIOR COURT OF NEW |
| and as EXECUTRIX OF THE ESTATE OF | : | JERSEY – MERECER COUNTY |
| JEFFREY NIELSEN, DECEASED, | : | |
| Plaintiffs, | : | LAW DIIVISION |
| v. | : | |
| | : | CIVIL ACTION |
| SRI INTERNATIONAL, PUBLIC | : | |
| SERVICE ELECTRIC AND GAS | : | DOCKET NO.: MER-L-001189-21 |
| COMPANY, JOHN DOES A-M, | : | |
| JOHN DOES N-Z, JANE DOES A-M | : | **ANSWER TO PLAINTIFF'S** |
| JANE DOES N-Z, | : | **COMPLAINT WITH** |
| Defendants. | : | **DEFENSES, CROSSCLAIMS,** |
| | : | **REPLY TO CROSSCLAIMS,** |
| | : | **JURY DEMAND,** |
| | : | **DESIGNATION OF COUNSEL,** |
| | : | **DISCOVERY REQUESTS AND** |
| | : | **REQUEST FOR STATEMENT** |
| | : | **OF DAMAGES** |

Defendant, SRI International ("answering defendant"), hereby answers the

Complaint of Plaintiff, and in support thereof, avers as follows:

1.      Denied.  After reasonable investigation answering defendant is without

sufficient knowledge or information to form a belief as to the truth of the averments

contained in this paragraph and, therefore they are denied and strict proof thereof is

demanded at trial.

2.      Admitted in part. Denied in part. Answering defendant registered agent is

CT Corporation System and zip code is 08628. The remaining allegation are admitted.

3.      Denied as stated. The mailing address is in Princeton but the physical campus for answering defendant is in West Windsor Township.  In addition, it has 621,251 sq ft of buildings.

4.      The allegations of this paragraph pertain to entities other than answering defendant, and therefore, no response from answering defendant is required.

5.      The allegations of this paragraph pertain to entities other than answering defendant, and therefore, no response from answering defendant is required.

6.      The allegations of this paragraph pertain to entities other than answering defendant, and therefore, no response from answering defendant is required.

7.      The allegations of this paragraph pertain to entities other than answering defendant, and therefore, no response from answering defendant is required.

8.      The allegations of this paragraph pertain to entities other than answering defendant, and therefore, no response from answering defendant is required.

9.      The allegations of this paragraph pertain to entities other than answering defendant, and therefore, no response from answering defendant is required.

10.     Admitted.

11.     Admitted in part. Denied in part. It is admitted answering defendant owns the property located at 201 Washington Road in West Windsor Township, NJ. The Complaint does not sufficiently identify "physical plant." The remaining allegations constitute conclusions of law, therefore, no responsive pleading is required.

12.     Admitted in part. Denied in part. It is admitted answering defendant owns the substation located in West Windsor Township where the subject incident occurred.

14950722-1

The remaining allegations constitute conclusions of law, therefore, no responsive pleading is required.

### Background Facts

13.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

14.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial. By way of further response, Jeff Nielson became an employee of SRI International on January 1, 2011when SRI International acquired Sarnoff Corporation.

15.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.  Based on reasonable belief and information, Jeff Nielson had been previously employed as an electrical foreman prior to his employment with SRI in January 1, 2011.

16.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial. By way of further response, Jeff Nielson became an employee of SRI

3

International on January 1, 2011when SRI International acquired Sarnoff Corporation and was hired as an electrical supervisor.

17.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial. By way of further response, Jeff Nielson became an employee of SRI International on January 1, 2011when SRI International acquired Sarnoff Corporation and was hired as an electrical supervisor.

18.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

19.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

20.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

21.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

22.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

23.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

### Incident

24.     It is admitted Jeffrey Nielsen was an employee of answering defendant on the day of the incident.

25.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

26.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

27.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

28.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

29.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

30.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

31.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments

14950722-1

contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

32.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

33.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

34.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

35.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

36.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

14950722-1

37.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

38.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

39.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

40.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

41.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

42.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments

contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

43.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

44.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

45.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

46.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

47.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

14950722-1

48.     Denied.  After reasonable investigation answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in this paragraph and, therefore they are denied and strict proof thereof is demanded at trial.

49.     Exhibit "D" was not attached to Complaint.

50.     Exhibit "D" was not attached to Complaint.

## Investigation

51.     It is generally admitted that OSHA conducted an investigation.

52.     The OSHA investigation speaks for itself.

53.     The OSHA investigation speaks for itself.

54.     The OSHA investigation speaks for itself.

55.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

56.     The OSHA citation speaks for itself.

57.     The OSHA investigation speaks for itself.

58.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

59.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

60.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

61.     The police report speaks for itself.

62.     The police report speaks for itself.

14950722-1

## COUNT I – NEGLIGENCE

### Plaintiff v. All Defendants

63.     Answering defendant hereby incorporate by reference their answers to paragraphs1 through 62 as though same were fully set forth herein at length.

64. (a) – (g)  Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

65.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

66.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

67.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

WHEREFORE, defendant, SRI International demands judgment in its favor and against plaintiff and defendants together with all costs, interests, and fees that this Honorable Court deems just and reasonable.

### COUNT II – WRONGDUL DEATH ACTION

68.     Answering defendant hereby incorporate by reference their answers to paragraphs 1 through 67, as though same were fully set forth herein at length.

69.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

WHEREFORE, defendant, SRI International demands judgment in its favor and against plaintiff and defendants together with all costs, interests, and fees that this Honorable Court deems just and reasonable.

14950722-1

## COUNT III – SURVIVAL ACTION

70.     Answering defendant hereby incorporate by reference their answers to paragraphs 1 through 69, as though same were fully set forth herein at length.

71.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

WHEREFORE, defendant, SRI International demands judgment in its favor and against plaintiff and defendants together with all costs, interests, and fees that this Honorable Court deems just and reasonable.

## COUNT IV – PUNITIVE DAMAGES

72.     Answering defendant hereby incorporate by reference their answers to paragraphs 1 through 71, as though same were fully set forth herein at length.

73.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

74.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

75.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

WHEREFORE, defendant, SRI International demands judgment in its favor and against plaintiff and defendants together with all costs, interests, and fees that this Honorable Court deems just and reasonable.

14950722-1

## COUNT V – PER QUAD

76.     Answering defendant hereby incorporate by reference their answers to paragraphs 1 through 75, as though same were fully set forth herein at length.

77.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

78.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

WHEREFORE, defendant, SRI International demands judgment in its favor and against plaintiff and defendants together with all costs, interests, and fees that this Honorable Court deems just and reasonable.

## COUNT VI – INFLICTION OF EMOTIONAL DISTRESS

79.     Answering defendant hereby incorporate by reference their answers to paragraphs 1 through 78 as though same were fully set forth herein at length.

80.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

81.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

82.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

83.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

84.     Denied.  The allegations contained in this paragraph constitute conclusions of law, therefore no responsive pleading is required.

14950722-1

WHEREFORE, defendant, SRI International demands judgment in its favor and against plaintiff and defendants together with all costs, interests, and fees that this Honorable Court deems just and reasonable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted as to the Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

Answering defendant do not owe any duty to plaintiff, nor did they breach any duty which may have been owed to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or admissions of parties or entities other than answering defendant and over whom answering defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

The claimed damages of plaintiff's claims of negligence must be reduced or precluded by the doctrine of comparative negligence in accordance with the New Jersey Comparative Negligence Act, N.J.S.A. 2A; 15-51 et seq.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole by the New Jersey Worker's Compensation Act.

14950722-1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by plaintiffs' failure to mitigate

their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and/or damages, if any, were caused in whole or in part by the

intervening and superseding acts of third-parties over which answering defendant had no

control.

## NINTH AFFIRMATIVE DEFENSE

The damages complained of by plaintiff, if any, were not proximately caused by

answering defendant.

## TENTH AFFIRMATIVE DEFENSE

Answering defendant, at all relevant times, acted with due care and complied with

all requirements of applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver and estoppel.

## TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the statutes and laws of the State of

New Jersey.

14

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek an award of punitive damages fail to state a claim against answering defendant upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek punitive damages violates answering defendant  right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendant adopts and incorporates by reference, as if same were set forth at length herein, all other affirmative defense which have been or will be asserted by any other party in this action, except those which may contain allegations of liability against answering defendant to the extent that such defenses are applicable to answering defendant.

WHEREFORE, answering defendant demands judgment in their favor and against plaintiff, together with costs of suit, attorney's fees and other relief as may be deemed just and appropriate.

### CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION

Answering defendant, while expressly denying liability, hereby assert crossclaims for contribution and/or indemnification, contractual or otherwise against co-defendants Public Service Electric and Gas Company, John Does A-M, John Does N-Z, Janes Does A-N and Jane Does M-Z, severally, or in the alternative, for any recovery received by plaintiff.

14950722-1

## ANSWER TO ALL CROSSCLAIMS

Answering defendant denies any and all Crossclaims asserted by them.

## DEMAND FOR JURY TRIAL

Answering defendant hereby demands a trial by jury of twelve (12) as to all issues.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Valerie Kellner, Esquire, is hereby designated as trial counsel in the above-captioned litigation pursuant to the provisions of Rule 4;25-4.

## DEMAND FOR INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to Rule 4:17, answering defendant demands that Plaintiff answer Form A and Form A (2) Interrogatories within the timeframe provided by the Court rules, if they have not already fully answered same and answering defendant demand that co-defendants answer Form C and C4 Interrogatories.

## REQUEST FOR STATEMENT DAMAGES

PLEASE TAKE NOTICE that pursuant to Rule 4:5-2, answering defendant demands within fifteen (15) days after service hereof, a written statement of the amount of damages claimed in Plaintiff's Complaint.

## CERTIFICATION OF COUNSEL

The undersigned hereby certifies that the within Answer to the Complaint is filed and served within the time allowed by Rule 4:6, as extended by stipulation.  The undersigned further certifies that, pursuant to Rule 4:5 1, to our knowledge, the matter in

14950722-1

controversy is not the subject of any other action in any court or of a pending arbitration

proceeding.

RAWLE & HENDERSON, LLP

By: _____
      Valerie Kellner, Esquire
      P.O. Box 710
      401 Route 73 North, Suite 200
      40 Lake Center Execute Park
      Marlton, NJ 08053
      Attorneys for Defendant
      SRI International

DATED: 8/10/21

17

**RAWLE & HENDERSON LLP**
BY: Valerie Kellner, Esquire
Identification No.: 0061301998
40 Lake Center Executive Park
Suite 200, 401 Route 73 North
Marlton, NJ 08053
Phone: 215-575-4292
Email: vkellner@rawle.com

Attorney for Defendant
Defendant SRI International

| | | |
|---|---|---|
| CHRISTINE NIELSEN, INDIVIDUALLY | : | SUPERIOR COURT OF NEW |
| and as EXECUTRIX OF THE ESTATE OF | : | JERSEY – MERECER COUNTY |
| JEFFREY NIELSEN, DECEASED, | : | |
| Plaintiff, | : | LAW DIIVISION |
| v. | : | |
| | : | CIVIL ACTION |
| SRI INTERNATIONAL, PUBLIC | : | |
| SERVICE ELECTRIC AND GAS | : | DOCKET NO.: MER-L-001189-21 |
| COMPANY, JOHN DOES A-M, | : | |
| JOHN DOES N-Z, JANE DOES A-M | : | **PROOF OF SERVICE** |
| JANE DOES N-Z, | : | |
| Defendants. | : | |

I, Valerie Kellner, Esquire, hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Separate Defenses, Crossclaims, Reply to Crossclaims, Jury Demand, Designation of Counsel, Discovery Requests and Request for Statement of Damages was served upon the following via First Class Mail:

Breandan Q. Nemec, Esquire
Begley, Carlin & Mandio, LLP
680 Middletown Blvd.
Langhorne, PA 19047
Attorney for Plaintiff

**Unrepresented**
Public Service Electric and Gas Company
80 Park Plaza
Newark, New Jersey 07102

RAWLE & HENDERSON LLP

By:_____
Valerie Kellner, Esquire
Attorney for Defendant
SRI International

Dated: 8/10/21

14950722-1

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-001189-21

**Case Caption:** NIELSEN CHRISTINE  VS SRI
INTERNATIONAL

**Case Initiation Date:** 06/04/2021

**Attorney Name:** VALERIE KELLNER

**Firm Name:** RAWLE & HENDERSON, LLP

**Address:** 401 ROUTE 73 NORTH STE 200
MARLTON NJ 080533427

**Phone:** 8565964800

**Name of Party:** DEFENDANT : SRI INTERNATIONAL

**Name of Defendant's Primary Insurance Company**
(if known): ZURICH INSURANCE CO

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: CHRISTINE  NIELSEN?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
> **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
> **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/10/2021
Dated

/s/ VALERIE KELLNER
Signed

# EXHIBIT "D"

SPECIAL Investigation

| MUNICIPAL CODE NUMBER 01113 | WEST WINDSOR TOWNSHIP POLICE - MERCER COUNTY, N.J. | | | INVESTIGATION REPORT |
|---|---|---|---|---|

| 1 STATION WEST WINDSOR TWP. | 2 CODE Zone - 1 | 3 UCR CODE | 4 INCIDENT NUMBER 2019-16445 | 5 CASE NUMBER 19-16445 |
|---|---|---|---|---|

| 6 CRIME Fatal Industrial Accident (Special Investigation) | 7 NJS | 8 VICTIM Jeffrey C Nielsen | 9 RACE 10 SEX W / M / 58 | 11 AGE DOB: 01/16/1961 |
|---|---|---|---|---|

| | 12 BETWEEN | 13 HOUR | 14 D WK | 15 MTH | 16 DAY | 17 YEAR | 18 HOME ADDRESS, CITY, STATE                    PHONE |
|---|---|---|---|---|---|---|---|
| DATE AND | | | | | | | 61 Kraft Lane |
| TIME | AT | 1301 | 2 | 06 | 25 | 2019 | Levittown, PA  19055 |

| 19 LOCATION 201 Washington Road, SRI, East Wing (outside electrical box) | 20 EMPLOYER SCHOOL SRI | BUSINESS PHONE (609) 734-2120 |
|---|---|---|

| 21 Municipal WEST WINDSOR TWP. | 22 County MERCER | 1113 | 24 PERSON REPORTING CRIME Frank Bodnar W / M / 50 DOB 6/18/69 | DATE AND TIME (732) 967-1796 |
|---|---|---|---|---|
| 26 TYPE OF PREMISE Other Commercial 70 | 27 CODE | 28 WEAPONS TOOLS - | 29 CODE | 30 ADDRESS 53 Victory Place, East Brunswick, NJ 08816 PHONE |

| 31 HOW ATTACKED The victim was electrocuted while working inside the bus bar enclosure. |
|---|

| 32 VEHICLE | 33 YEAR | 34 MAKE | 35 BODY TYPE | 36 COLOR | 37 REG NUMBER & STATE | 39 SERIAL NUMBER OR IDENTIFICATION |
|---|---|---|---|---|---|---|

| VALUE STOLEN PROP | 39 CURRENCY | 40 JEWELRY | 41 FURS | 42 CLOTHING | 43 AUTO | 44 MISC |
|---|---|---|---|---|---|---|
| 45 TOTAL VALUE STOLEN | 46 TOTAL VALUE RECOVER | 47 TELETYPE ALARM | 48 WEATHER Clear | 49 STATUS CRIME X-Clear | 50 STATUS CASE Closed | |

| 51 NUMBER OF ACCUSED | 52 ADULT | 53 JUVENILE | 54 RACE | 55 SEX | 56 DATE OF BIRTH |
|---|---|---|---|---|---|

Others Involved:  Sgt Lai          # 470
                 Ptl Sabatino     # 583
                 Ptl Hojnacki     # 590
                 Det Barber       # 593
                 Det Woodrow      # 5101

West Windsor Emergency Services

US Department of Labor, OSHA, Stella Bradley (Federal Compliance Officer)
(856) 596-5233

PSE&G William Allen Jr. - Ops. Supervisor (609) 799-6887

SRI International, Sarnoff:
Michael Davis, Facility Director     (609) 454-7819
Saj Ishaq, Group Director            (609) 734-2120
James F Devine, Facilities Engineer  (609) 734-2041
David Gresko, SRI employee           (609) 273-2218
Eric Mantle, SRI employee            (215) 704-6233

| Ptl C. Knox     5 7 7 | 59 PAGE 1 OF 2 PAGES | 60 DATE OF REPORT 06/25/2019 |
|---|---|---|
| Signature   Knox | 61 SHIFT COMMANDER    470 | Division Patrol |